Randolph Roth appeals from the administrative license suspension imposed by the Cleveland Municipal Court in connection with its determination that he refused to submit to a blood alcohol test after being charged with driving while under the influence of alcohol. For the reasons set forth below, we dismiss this appeal as moot.
On July 27, 1998, Cleveland Police Officer Rickie Gilbert observed a motor vehicle accident which involved Roth. Officer Gilbert subsequently prepared a Peace Officer's Report for an administrative license suspension in which he averred that, in investigating the accident, he detected the odor of alcohol and that Roth refused to submit to a blood alcohol test. This document further indicates that. Roth was being treated in a hospital emergency room and therefore did not sign the form. It is undisputed that the duration of the suspension was one year, R.C.4511.191 (E) (1) (a), or until July 27, 1999.
On July 31, 1998, Roth filed an appeal of the administrative license suspension. He asserted that the arresting officer did not have reasonable grounds to arrest him, that the officer did not request that he submit to the test, that he was not advised of the consequences of refusing the test, that he did not refuse the test, and that the Peace Officer's Report was not properly notarized. The Cleveland Municipal Court set the matter for hearing on August 5, 1998.
On August 5, 1998, the court granted Roth occupational driving privileges for fourteen days, and continued the matter for hearing on August 12, 1998. The matter was again continued until August 19, 1998. There is no indication in the record that Roth objected to the continuances.
Following the hearing, the referee issued a report in which she rejected each of the arguments advanced by Roth and denied his appeal. The trial court subsequently approved and accepted the referee's report. Roth now appeals and assigns three errors for our review.
Roth's assignments of error state:
 THE TRIAL COURT ERRED IN SUSPENDING APPELLANT'S DRIVER'S LICENSE FOR DRIVING WHILE INTOXICATED WHILE FAILING TO PROVIDE HIM WITH PROMPT POST-SUSPENSION REVIEW OF THE SUSPENSION IN VIOLATION OF APPELLANT'S DUE PROCESS.
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY NOT TERMINATING THE ADMINISTRATIVE LICENSE SUSPENSION (ALS) WHERE THE ARRESTING OFFICER'S SWORN REPORT DID NOT ESTABLISH PRIMA FACIE PROOF OF THE INFORMATION AND STATEMENTS IT CONTAINS, NO OTHER EVIDENCE WAS PRESENTED THAT A PROPERLY QUALIFIED PERSON ADMINISTERED THE OATH TO THE ARRESTING OFFICER, AND THE ARRESTING OFFICER FAILED TO TESTIFY THAT HE COMPLIED WITH ALL OF THE FIVE PROCEDURES MANDATED BY R.C. 4511.181 (D) (1) (c).
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY NOT TERMINATING THE ADMINISTRATIVE LICENSE SUSPENSION (ALS) WHERE APPELLANT HAD PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE ARRESTING OFFICER LACKED REASONABLE GROUNDS TO JUSTIFY AN ARREST OF THE APPELLANT, THE APPELLANT WAS NOT "IN FACT PLACED UNDER ARREST," AND THE APPELLANT DID NOT REFUSE TO SUBMIT TO THE CHEMICAL TEST REQUESTED BY THE OFFICER.
We do not reach the assigned errors. As noted previously, it is undisputed that the duration of the administrative suspension of Roth!s license was one year, R.C. 4511.191 (E) (1) (a), or until July 27, 1999. Thus, the suspension period has terminated and is no longer in effect. Roth has offered no evidence from which an inference can be drawn that he will suffer some collateral legal disability or loss of civil rights resulting from his conviction. The issues raised herein are therefore moot and will not be addressed. Accord Rocky River v. Zahn ((Oct. 3, 1996), Cuyahoga App. No. 68970, unreported; North Olmsted v. Jones (March 13, 1997), Cuyahoga App. No. 71112, unreported; Westlake v. Sloan (Oct. 31, 1996), Cuyahoga App. No. 68706, unreported. Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO. J. AND
 ANNE L. KILBANE. J. CONCUR.
 _______(signed)_______________ ANN DYKE, PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22 (B), 22 (D) and 26 (A); Loc.App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1)